# DuaneMorris®

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

*FIRM and AFFILIATE OFFICES*

STEVEN T. KNIPFELBERG
DIRECT DIAL: +1 973 424 2019
PERSONAL FAX: +1 973 556 1571
*E-MAIL:* stknipfelberg@duanemorris.com

*www.duanemorris.com*

January 22, 2019

**VIA ECF**

Honorable John G. Koeltl
U.S. District Court
Southern District of New York
500 Pearl Street
New York , New York 10007-1312

> Re:  **BankUnited, N.A. v. Blue Wolf Investments, LLC, et als.**
> **Civil Action # 1:18-cv-8196**

Dear Judge Koeltl:

Our office represents Plaintiff BankUnited, N.A. ("Plaintiff") in the above matter.  We write together with counsel for defendant Mayer Gold to advise the Court of a potential scrivener's error in the Scheduling Order entered on December 19, 2018 [Dkt. 59] (the "Order"), a copy of which is attached hereto.  The Order appears to state that the date for the completion of discovery is January 26, 2019.  However, according to our notes from the initial pre-trial conference held on December 17, 2018, we believe that Court intended to set the discovery end date as July 26, 2019.

If the same matches the Court's records, we kindly ask that Your Honor cause the Order to be amended or the correct discovery end date to be confirmed.

We thank the Court for its attention to this matter.

Respectfully,

*/s/Steven T. Knipfelberg*

Steven T. Knipfelberg

STK
Enclosures
Jordan C. Pilevsky, Esq. (via ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Bank United*

Plaintiff(s),

- against -

*Seasons Corporate LLC*

Defendant(s).

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _12-19-18_

_18_ Civ. _8196_ (JGK)

**CIVIL SCHEDULING ORDER**

**JOHN G. KOELTL, District Judge:**

Pursuant to Fed. R. Civ. P. 16(b), after holding a conference in this matter on _12/17/18_, the Court hereby orders that:

**Pleadings and Parties:** Except for good cause shown:

1. No additional parties may be joined or cause of action asserted after _1/11/19_.

2. No additional defenses may be asserted after _1/25/19_.

**Discovery:** Except for good cause shown, all discovery shall be commenced in time to be completed by _1/26/19_. The Court expects discovery to be completed within 60 days of the first scheduling conference unless, after the expiration of that 60 day period, <u>all</u> counsel stipulate that additional time (not to exceed 60 more days) is needed to complete discovery. The expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be made at least 30 days before the completion of discovery.

**Dispositive Motions:**\* Dispositive motions, if any, are to be completed by _8/30/19_. The parties are advised to comply with the Court's Individual Practice 2(B) regarding motions, and to submit one fully briefed set of courtesy copies to the Court.

**Pretrial Order/Motions in Limine:**\* A joint pretrial order, together with any motions in limine or motions to bifurcate, shall be submitted by _9/20/19_. In jury cases, parties shall submit requests to charge and voir dire requests. In non-jury cases, parties shall also submit

---

\* **Note:** In the event a **dispositive motion** is made, the dates for submitting the **Joint Pretrial Order** (together with Memoranda of Law, Requests to Charge, Proposed Voir Dire, Proposed Findings of Fact and Conclusions of Law, as appropriate) shall be changed from that shown above to **three (3) weeks** from the decision on the motion. The **ready trial date** shall be adjourned to a date **four (4) weeks** after the decision on the dispositive motion. The final pretrial conference, if any, will be scheduled by the Deputy Clerk.

At any time **after the ready for trial date**, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts, including, but not limited to, trials and vacations, that would prevent a trial at a particular time. Such notice must come **before** counsel are notified by the Court of an **actual trial date, not after**. Counsel should notify the Court and all other counsel in writing, at the earliest possible time of any particular scheduling problems involving out-of-town witnesses or other exigencies.

proposed findings of fact and conclusions of law. The pretrial order shall conform to the Court's Form Joint Pretrial Order, a copy of which may be obtained from the Deputy Clerk.

**Trial:**\* The parties shall be ready for trial on $4/8$ hours notice on or after $10/4/19$. The estimated trial time is $3$ days, and this a jury $\cancel{\#}$ /non-jury _____ trial.

**Other:**

_____ The case is referred to the Magistrate Judge for purposes of settlement (see attached Reference Order).

✓ The parties will notify the Court by $1/25/19$ whether a reference to the Magistrate Judge would be useful for purposes of settlement and whether they consent to trial before the Magistrate Judge. The parties may communicate with the Court with respect to these matters by joint letter. If the parties consent to trial before the Magistrate Judge, they are directed to do so by stipulation.

**SO ORDERED.**

**Dated: New York, New York**

_____ $12/17/18$

**JOHN G. KOELTL**
**UNITED STATES DISTRICT JUDGE**